TAMMY B. WEBB (SBN 227593)
tbwebb@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission St., Suite 2300
San Francisco, CA 94105
Tel: 415.544.1900 | Fax: 415.391.0281

THOMAS V. WYNSMA (SBN 293713)
twynsma@shb.com
**SHOOK, HARDY & BACON L.L.P.**
5 Park Plaza, Suite 1600
Irvine, CA  92614-2546
Tel: 949.475.1500 | Fax: 949.475.0016

Attorneys for Defendant
EVENFLO COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRITIA TURNER, as Guardian Ad Litem of DALASIA ROBERTSON, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>EVENFLO COMPANY, INC. a corporation; CENJAY CLARENCE DAVIS, an individual; NEAL LAVENORA, and individual; FORD MOTOR COMPANY, a corporation; EVENFLO FEEDING, INC., a corporation; GARCO, a corporation; and DOES 1–100, Inclusive,<br><br>Defendants. | CASE NO: 2:22-cv-01458<br><br>**DEFENDANT EVENFLO COMPANY, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(b), AND 1446 DIVERSITY** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that Defendant EVENFLO COMPANY, INC. (Evenflo) hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the claims pending as Case No. 19STCV17476 in the Superior Court of California, County of Los Angeles.

## I. This Case is Removable Under 28 U.S.C. § 1446(b)(1)&(2)(B).

1. Plaintiff Tritia Turner, as Guardian Ad Litem of Dalasia Robertson, a minor, filed this civil action against Evenflo Company, Inc., Evenflo Feeding Company, Inc., Garco, Ford Motor Company, Cenjay Clarence Davis, and Neal Lavenora in the Superior Court of California, County of Los Angeles, on May 20, 2019. A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the declaration of Tammy Webb. Webb Decl., ¶¶ 2–4.

2. The Summons was not issued until May 12, 2021, nearly two years after the case was filed. *See* Webb Decl., ¶ 3.

3. The first date upon which defendant Evenflo received receipt of Service of Process of the Summons and Complaint was February 1, 2022 when Evenflo was served with a copy of the Summons and Complaint.[1] Declaration of Jessica Kimes (Kimes Decl.), ¶ 5; *See,* Service of Process Transmittal from CT Corporation Systems (Exh. A to Kimes Decl.).

4. This is a civil action of which this Court has original jurisdiction under

---

[1] Although Plaintiff filed a "Proof of Service" of Summons on Evenflo, indicating that Evenflo was served on May 19, 2021 through its registered agent, CT Corporation Systems (CT), Evenflo did not receive Service of Process of the Summons and Complaint until February 1, 2022 when Plaintiff properly served Evenflo through CT. On February 10, 2022, CT confirmed that it was not served with the Summons and Complaint for Evenflo Company, Inc. on May 19, 2021. CT, however, was served with a Summons and Complaint on May 19, 2021 for Evenflo Feeding, Inc.–an entirely separate and distinct company with no current relation to Evenflo Company, Inc. Therefore, Evenflo was not properly served until February 1, 2022. *See*, Kimes Decl., ¶¶ 4-11, Exh. B (February 10, 2022 Email from CT and Service of Process Transmittal).

-2-

28 U.S.C. § 1332, and is one which may be removed to this Court by Evenflo pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff seeks at least $5,000,000 in non-economic damages plus an undetermined amount of economic damages. *See,* Statement of Damages (Exh. C to Webb Decl.).

5. Complete diversity of citizenship exits. Plaintiff Tritia Turner, as Guardian Ad Litem of Dalasia Robertson, a minor, is a citizen of the State of California. *See,* Plaintiff's Responses to Form Interrogatories indicating she is resident of the City of Los Angeles, County of Los Angeles. (Exh. G to Webb Decl.), p.5; Webb Decl. ¶¶ 16–17. For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship. *See Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

6. Defendants Evenflo and Ford Motor Company are the only two defendants who have appeared in this action. *See* Webb Decl., ¶ 31, Exh. J (Ford Motor Company's Answer to Complaint). Defendant Evenflo Feeding, Inc. was served with the Summons and Complaint on May 19, 2021, but has not appeared in the action. *See* Webb Decl., Exh. J (Proof of Service on Evenflo Feeding, Inc.).

7. On February 7, 2022, the Court entered Plaintiff's voluntary Request for Dismissal of Defendant Cenjay Clarence Davis. He is no longer a defendant in this action. *See,* Request for Dismissal (Exh. E to Webb Decl.).

8. On February 22, 2022, Plaintiff voluntarily dismissed Defendant Neal Lavenora. He is no longer a defendant in this action. *See,* Order of Dismissal (Exh. F to Webb Decl.).

9. None of the defendants currently named are a citizen of the State of

California where the action is pending.

10. Defendant Evenflo is, and was at the time Plaintiff filed the Complaint, a Delaware corporation with its principal place of business in Ohio and, thus, for jurisdictional purposes, a citizen of those two states. *See* Kimes Decl., ¶¶ 2–3; 28 U.S.C. § 1332(c)(1).

11. Defendant Ford Motor Company is, and was at the time Plaintiff filed the Complaint, a Delaware corporation with its principal place of business in Michigan and, thus, for jurisdictional purposes, a citizen of those two states. *See* Webb Decl., ¶¶ 20–21; 28 U.S.C. § 1332(c)(1).

12. Evenflo Feeding, Inc. is, and was at the time Plaintiff filed the Complaint, a Delaware corporation with its principal place of business in Ohio and, thus, for jurisdictional purposes, a citizen of those two states. *See* Webb Decl., ¶ 23, Exh. H to Webb Decl. (Certificate of Surrender for Evenflo Feeding, Inc.); 28 U.S.C. § 1332(c)(1).

13. Defendant Garco, which is alleged to have manufactured a child car seat, has not been served. On information and belief, no such entity exists that manufactures child care seats and Plaintiff erroneously named this defendant as Garco. An entity named Graco Children's Products Inc. does manufacture child car seats and appears to be the entity Plaintiff intended to sue. Graco Children's Products, Inc. is, and was at the time Plaintiff filed the Complaint, a Delaware corporation with its principal place of business in Georgia and, thus, for jurisdictional purposes, a citizen of those two states. *See* Webb Decl., ¶¶ 25–28, Exh. I to Webb Decl. (Annual Registration and Certificate of Authority for Graco Children's Products Inc.); 28 U.S.C. § 1332(c)(1).

14. For these reasons, this case may be removed pursuant to 28 U.S.C. § 1441(b) because this Court has original jurisdiction under 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the matter in controversy

1  exceeds the sum of $75,000, exclusive of interest and costs.

2       15.    Evenflo filed this Notice of Removal on March 3, 2022, within "30 days after receipt by the defendant ... of a copy of the initial pleading." *See* 28 U.S.C. § 1446(b); *see also* Webb Decl., ¶¶ 5&15 & Exhibit B. Under "last-served rule," each defendant is entitled to thirty days to exercise its removal rights after being served. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). This Notice of Removal is therefore timely filed.

**II.    In The Alternative, This Case is Removable Under 28 U.S.C. § 1446(b)(3).**

     16.    This case alternatively is removable pursuant to 28 U.S.C. § 1446(b)(3) because, within the last 30 days, Plaintiff voluntarily dismissed the only two defendants who were California citizens; after which, for the first time, it could be ascertained that the case is one which has become removable.

     17.    When this action was originally filed, complete diversity of citizenship was lacking because Plaintiff was a citizen of the same state as Defendants Cenjay Clarence Davis and Neal Lavenora, the State of California.

     18.    On February 22, 2022, complete diversity of citizenship was created by reason of the following events:

          a)    On February 7, 2022, the Court entered Plaintiff's voluntary Request for Dismissal of defendant Cenjay Clarence Davis. He is no longer a defendant in this action. *See,* Request for Dismissal (Exh. E to Webb Decl.).

          b)    On February 22, 2022, Plaintiff voluntarily dismissed defendant Neal Lavenora. He is no longer a defendant in this action. *See,* Order of Dismissal (Exh. F to Webb Decl.).

     19.    The only remaining defendants named in this action are Evenflo, Ford Motor Company, Garco, and Evenflo Feeding, Inc.

     20.    None of the defendants currently named are a citizen of the State of

California where the action is pending.[2]

21. This Notice of Removal is timely because Evenflo filed this Notice of Removal on March 3, 2022, within "thirty days after receipt by the defendant ... of a copy of … an order or other paper form which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3); *see also* Webb Decl., ¶¶ 5&15 & Exhibit B.

22. Defendant Ford Motor Company, the only other defendant that has appeared in this action, consents to Evenflo's removal of this action. *See* Webb Decl., ¶ 32.

23. Alternative removal under 28 U.S.C. § 1446(b)(3) is not barred by the rule precluding removal under subsection (b)(3) more than one year after the action is commenced because Plaintiff acted in bad faith in order to prevent defendants from removing the action. *See* 28 U.S.C. § 1446(c)(1).

24. Plaintiff's bad faith is evident from two actions: (1) by fraudulently joining (retaining) defendants Cenjay Clarence Davis and Neal Lavenora in the action despite entering into an agreement releasing all claims against those defendants in September 2019; and (2) by deliberately waiting nearly two years after the Complaint was filed to file the Summons and serve defendants – thus blowing past the 1-year time limit for defendants to remove the action based on diversity.

25. On September 12, 2019, Plaintiff signed a "RELEASE IN FULL OF ALL CLAIMS AND RIGHTS FROM MINOR AND PARENT(S) AND/OR GUARDIAN(S)," releasing defendants Cenjay Clarence Davis and Neal Lavenora of all claims, causes of action, and damages in connection with the motor vehicle collision giving rise to the Complaint, in exchange for a monetary payment. *See* Exh.

---

[2] As discussed in Paragraph 13 above, though Plaintiff's Complaint names an entity "Garco," on information and belief, the proper entity Plaintiff intended to sue is Graco Children's Products, Inc., which is, and was at the time the Complaint was filed, incorporated in the State of Delaware with its principal place of business in Georgia. Thus, Garco (Graco Children's Products, Inc.) is not a citizen of the State of California.

-6-

K to Webb Decl. (Release Agreement).

26. The Release Agreement was entered into four months after Plaintiff filed the Complaint and nearly 20 months before Plaintiff filed the Summons.

27. Plaintiff should have dismissed Cenjay Clarence Davis and Neal Lavenora from the action once the Release Agreement was signed, and certainly before the Summons was filed. Plaintiff knew she had no valid claims against Cenjay Clarence Davis and Neal Lavenora after Plaintiff agreed in writing to release all claims, causes of action, and damages against those non-diverse defendants.

28. Plaintiff, instead, acted in bad faith by fraudulently joining and deliberately refraining from dismissing these defendants for almost three years in order to prevent the diverse defendants from removing this action.

29. As a result of Plaintiff's bad faith actions, the 1-year time limit to file a removal action based on diversity jurisdiction is not applicable and Evenflo's alternative removal is timely under 28 U.S.C. § 1446(b)(3) because it was filed within 30 days of complete diversity of citizenship being established. *See* Webb Decl., Exhs. E & F.

30. Further, Plaintiff acted in bad faith by deliberately refraining from filling the Summons and serving the diverse defendants until two years had passed after Plaintiff filed the Complaint.

31. Although, in California, an action is commenced by filing a complaint with the court (*See* Cal. Code Civ. Proc., § 411.10), it is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action. *See* Cal. Code Civ. Proc., § 583.130.

32. Plaintiff filed the Complaint on May 20, 2019, but deliberately waited until May 12, 2021 – two years later – to file the Summons. Plaintiff deliberately refrained from serving any defendant until May 19, 2021 – two years after the Complaint was filed.

33. Not only did Plaintiff act without reasonable diligence in the prosecution of the action, but Plaintiff acted in bad faith by deliberately refraining from serving defendants until the 1-year limit in 28 U.S.C. § 1446(c)(1) had passed. For these reasons, the Court should consider this action "commenced" when the Summons was filed on May 12, 2021.

34. Plaintiff's bad faith actions render the 1-year time limit to remove the action pursuant to 28 U.S.C. § 1446(c)(1) unenforceable.

35. Evenflo's Notice of Removal is, thus, timely as it was filed within 30 days of complete diversity being ascertained for the first time ever, and within one year of the action being commenced (upon Plaintiff's filing of the Summons on May 12, 2021).

36. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Evenflo in the state court action are contained in Exhibits A, C, E, F, and J to the declaration of Tammy Webb.

37. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Superior Court of California, County of Los Angeles, and Evenflo will serve a copy of this Notice of Removal on all parties to the state court action.

**DEMAND FOR JURY TRIAL**

Defendant Evenflo Company, Inc., demands a trial by jury on all issues that may be tried to a jury.

DATED: March 3, 2022                    Shook, Hardy & Bacon L.L.P.

                                        By:   /s/ Tammy Webb
                                              TAMMY WEBB
                                              THOMAS V. WYNSMA
                                              Attorney for Defendant
                                              EVENFLO COMPANY, INC.

-8-